MXson, I.
In this action, which was to recover-the possession of personal property, the plaintiff made an affidavit, stating-among other things, that a certain portion of the property described in the requisition to the sheriff had been “ removed and disposed of”-by the defendant, “so that it could not be found or taken by the sheriff,” and had been disposed of, “ with the intent to deprive the plaintiff of the benefit thereof,” and thereupon obtained a judge’s order requiring the sheriff to arrest the defendant, and hold him to bail' in $1000, by causing a- written undertaking to be executed, pursuant to the latter clause of section Í87 and 211 of the code. The 187th section provides, that if the defendant be arrested for the cause mentioned in the third-subdivision of section 179, that is, where the property had been. *651 removed in the manner and with the intent stated in the plaintiffs’ affidavit, the undertaking shall be for delivery of the property, and for the payment of such sum of money as may for any cause be recovered against the defendant, as provided' for in section 211. A motion is now made by the defendant to vacate that order, and for the discharge of the defendant, on giving the common undertaking for his appearance.
It appears from the papers read on the motion, that the prop-' erty sought to be reclaimed was the contents of a shop of fancy goods, the principal part of which had been sold on the 2d of June last, on a credit of six months, and the residue for cash, but of the whole of which, possession was delivered to the defendant, and that such possession was undisturbed by the plaintiff until the 19th of July, when this action was commenced. It also appears, that the goods which were not delivered to the sheriff had been sold by the defendant from time to time, out of his shop, where he continued to do business from the day when the property was delivered to him by the plaintiffs, until the sheriff took possession. It no where appears from the affidavits that the defendant had any intimation or suspicion that the plaintiffs would seek in this way the recovery of the property, or that any portion of it had been disposed of with a view to evade the expected process. The intent to deprive the plaintiffs of the benefit of the property, sworn to in the affidavit, was the general intent to cheat and defraud, alleged to be a part of the whole transaction of purchase.
In Roberts v. Randall, (3 Sand. S. C. R. 710,) this court held that the undertaking described in section 211, for the delivery of the property and the payment of the money recovered, could only be required in an action like the present, where the defendant had not only disposed of the property so that it could not be taken by the sheriff, “ but had disposed of it, so as, and in order to prevent the sheriff from executing the process for its delivery, which could only be after the commencement of the suit, or after the sheriff, by the receipt of the process, was entitled to make such delivery, or when made with a view to defeat expected process, which would be a disposal in fraud of the law.”
*652 Since the decision in Roberts v. Randal was made, the third subdivision of the 179th section of the code has been amended, by adding to it the clause, that the disposal of the property so that it cannot be found by the sheriff, must be “ with the intent that it should not be so found or taken, or with the intent to deprive the plaintiff of the benefit thereof.”
The plaintiffs’ counsel contends that these latter words authorize the sheriff to demand security for the delivery of the property, whenever it has been disposed of with the intent that the plaintiff should not get it, whether in view of expected process or not; in short, that it applies to all cases of fraudulent purchases of goods. I do not think so; on the contrary, it appears to me that the amendment in question was intended as a corrective of the decision of the supreme-court in Van Nest v. Conover, (5 How. Pr. R. 148,) and as a legislative adoption of the construction given to the section in question by this court. This is the plain import of the language, and is in accordance with the tenor and spirit of the act, as was abundantly shown by Mr. Justice Sandford in his elaborate opinion in Roberts v. Randal.
The motion, therefore, is granted, discharging the defendant on giving the common undertaking, executed with two or more sufficient bail, that he shall render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein as provided in section 187. But as the -point is new, no costs are allowed on this motion.